## HUGH MEADOWS v. STATE.

No. A-5407.  Opinion Filed March 13. 1926.
(244 Pac. 58.)

John W. Tyree and Leslie P. Ross, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, Hugh Meadows, a boy 20 years old, was convicted on an information charging that in Comanche county, January 3, 1924, he did sell "one pint of whisky to Roy Per-mam-su, a Comanche Indian," and was by the court sentenced to pay a fine of $50, and be confined in the county jail for 30 days.

To reverse the judgment he appeals and assigns as error that the evidence is insufficient to sustain the verdict and judgment and that the court erred in its rulings in excluding competent evidence.

The complaining witness testified that he did not have any transaction with the defendant, "but some one else did"; that with another white fellow called "Harvey" he followed the defendant across the Frisco Railroad in Lawton, and he saw defendant reach down and pick up a bottle and give it to the other white fellow; that he gave $1 to the white fellow, Harvey; that

he saw Harvey give the defendant $3; that he got one pint of whisky from Harvey; that he saw Sly Tippeoonnic on Third street.

On cross-examination he stated that William Bear, an Indian boy, about 4 days later told him that Hugh Meadows was the man with him, and on January 13th, he swore to the information in this case; that he was in Lawton on January 26th, and made an affidavit as to the facts. On the state's objection as not proper cross-examination this statement was withdrawn from the jury. He was then handed the affidavit and asked if that was his signature thereto. He answered it was, and stated that it was read to him before he signed it. He was then asked:

"You swore one time that you did buy it from him, and you swore at another time that you didn't even know him, and had not bought anything from him—which is true? A. The first one I signed.

"Q. Do you always have as much regard for your oath as you had last January? (State's objection as improper cross-examination sustained.)"

E. A. Jones testified that on January 3rd he was driving a service car, stationed on Third street, Lawton, was acquainted with Roy Per-mam-su, and on that day took him and another Indian boy down to a pasture south of town, and at that time Per-mam-su was under the influence of liquor.

At the close of the state's evidence the defendant moved the court to instruct or advise the jury to return a verdict of acquittal on the ground that the evidence was insufficient to connect him with the offense charged, which the court refused to do.

We understand the rule to be that the credibility of a witness may be impeached if he has made state-

ments relevant to the issue out of court contrary to what he has testified at the trial, and for this reason the trial court erred in sustaining the state's objections to the questions asked on the cross-examination of the complaining witness.

We also think that the testimony of the complaining witness was so inconsistent and contradictory as to be insufficient to sustain the verdict, and for this reason the motion for a directed verdict should have been sustained.

For the reasons stated, the conviction is reversed.

BESSEY, P. J., and EDWARDS, J., concur.